33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew Vinton FRANCIS, Petitioner-Appellant,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.
 No. 93-4094.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1994.
 
 Before: MARTIN, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This matter is before us on appeal from the Board of Immigration Appeals, which upheld the decision of the immigration judge ordering the immediate deportation of the petitioner, Andrew Francis. Francis claims that he was deprived of an opportunity to apply for a waiver of deportation, pursuant to the provisions of Sec. 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c), because he was not advised that the requisite filing fee for such an application could be waived upon a showing of indigency. We conclude that, under the particular circumstances of this case, the deportation order should be set aside and the petitioner allowed another opportunity to file an application for a Sec. 212(c) waiver.
 
 
 2
 In June 1990, Francis pleaded guilty in the Recorder's Court of the City of Detroit to a charge of delivering less than 50 grams of cocaine and was sentenced to a minimum of one year and a maximum of 20 years in the Michigan Department of Corrections. Because Francis had entered this country as a permanent resident in 1967 at the age of six and had never applied for citizenship, the Immigration and Naturalization Service instituted deportation proceedings against him. Specifically, the INS charged that Francis was deportable as an alien convicted of an aggravated felony, 8 U.S.C. Sec. 1251(a)(2)(A)(iii), and as an alien convicted of a controlled substance violation, 8 U.S.C. Sec. 1251(a)(2)(B)(i).
 
 
 3
 Deportation proceedings were begun while Francis was an MDOC inmate but were suspended pending his release from prison in May 1992. During this period, his deportation hearing was continued three times as a result of his failure to secure counsel to represent him. Prior to granting the final continuance, the immigration judge gave Francis a list of attorneys available to represent indigents and warned him that the next scheduled hearing would be held as planned regardless of whether Francis was accompanied by an attorney. On September 29, 1992, Francis appeared for the third time without counsel. True to his word, the immigration judge nevertheless conducted the deportation hearing and concluded that Francis was deportable under both the aggravated felony and the controlled substances provisions of the Immigration and Nationality Act. The judge did inform Francis, however, that "since you have been here since 1967 as an immigrant there is an application that you can file[;] it's called a waiver under Section 212(c) of the Immigration Act."
 
 
 4
 The judge gave Francis a copy of the appropriate form to fill out and told him that the application would require payment of a filing fee. He did not tell Francis that the fee could be waived upon a finding of inability to pay it. The printed form indicated that the application required a fee of $90, but it, too, omitted information regarding possible waiver of the fee.
 
 
 5
 Although Francis was given until December 1, 1992, to file the waiver application, he appeared at a scheduled hearing on December 15, 1992, without having done so. When questioned by the immigration judge as to why the application had not been filed, Francis replied, "I was laid off for approximately, approximately a month and a half and I'm, I'm just now returning to work." Despite this indication by Francis that he was unable to pay the filing fee, the judge made no inquiry into Francis's financial status. Instead, citing the number of continuances previously granted to Francis, the judge ruled, "I find that you've abandoned any and all relief for, for a deportation, and I'm gonna enter an order that you be deported to Jamaica." At no point in the proceedings did the immigration judge mention the fact that the $90 fee could be waived, based on a finding of indigency.
 
 
 6
 One week later, Francis paid the $100 appeal fee and appealed the order of deportation to the Board of Immigration Appeals. Furthermore, on June 30, 1993, seven months after the administratively-imposed deadline for filing the waiver application, Francis paid the $90 filing fee to accompany a Sec. 212(c) waiver application. Before the Board on appeal, Francis contended that he failed to file an application for a Sec. 212(c) waiver solely because he was unable to pay the filing fee and because the immigration judge had not advised him that the fee could be waived in the discretion of the judge. On September 8, 1993, the Board concluded, in a split opinion, that Francis had received sufficient notice of the waiver application deadline and had failed to meet that deadline or to tender a completed application without the requisite filing fee. In light of those circumstances, the Board dismissed Francis's appeal. A dissenting member of the Board concluded, however, that Francis's statement to the immigration judge that he had been unemployed for more than a month prior to the waiver application filing deadline "required the immigration judge to advise [Francis], pursuant to 8 C.F.R. Sec. 3.24, that he could request a fee waiver and to advise him of the procedure for so doing."
 
 
 7
 We agree. While there is certainly room to sympathize with the immigration judge's escalating impatience at what appears to have been unwarranted delay by Francis in his efforts to secure an attorney, that delay may not have been attributable solely to procrastination on the petitioner's part. The record suggests that Francis had attempted to secure an attorney while he was in prison and that at least one attorney who had initially agreed to represent him fell by the wayside. Moreover, although waiver of the filing fee for a Sec. 212(c) application is discretionary on the part of the immigration judge, a reasonable exercise of that discretion under the circumstances of this case should have included advice to Francis that if he could establish indigency, the filing fee would be waived. As the dissenting judge on the Board noted, "While [Francis's] assertion that he had been 'laid off' [for the month immediately before the December 1 deadline] did not constitute an articulate request for a fee waiver, I am satisfied that his statement required the immigration judge to advise him, pursuant to 8 C.F.R. Sec. 3.24, that he could request a fee waiver and to advise him of the procedure for so doing." We are likewise satisfied that the petitioner's statement was the functional equivalent of a request for a waiver, by a person to that point uninformed and therefore unknowledgeable about his right to make such a request.
 
 
 8
 Accordingly, we hold that, under the circumstances of this case, the decision of the Board of Immigration Appeals must be VACATED and the case REMANDED to the immigration judge to permit the petitioner to establish his indigence as of December 1, 1992. If the immigration judge determines that Francis was indigent on that date, for purposes of waiver of the application fee under 8 C.F.R. Sec. 3.24, the judge shall either permit Francis to file an application for deportation waiver under 8 U.S.C. Sec. 1182(c) or articulate the reasons why, in the exercise of his discretion, the fee waiver should not be granted.